(No. 1778—

LILLIE MILLER, ADMINISTRATRIX OF THE ESTATE OF ADAM MILLER, DECEASED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1932.*

CARL E. ROBINSON, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE ROE delivered the opinion of the court:

The claimant, Lillie Miller, administratrix of the estate of her husband, Adam Miller, represents that the deceased

was regularly employed as a fireman for more than fifteen years at the Illinois State School for the Deaf at Jacksonville. Although classified as a fireman at a salary of One Hundred and Thirty Dollars per month the deceased was also assigned to the duties of an assistant steam fitter and plumber.

On December 4, 1930, he was assisting one Robert Smith, a steam fitter and plumber, in assembling and installing a new steam boiler in the basement of a large frame building used as an Isolation Hospital at the said school. Standing on a box or crate twenty inches from the floor and using a large Stilson wrench the deceased was engaged in connecting and fitting pipes to the header of the boiler when in some manner he lost his balance and fell backward. In falling, the back of his head struck some iron fittings piled on the concrete floor, causing a severe skull fracture and almost instantaneous death.

The evidence showed that the deceased was a man of good habits, who used neither tobacco nor intoxicants and was a steady worker; that he was in good health prior to his injuries; that he was 69 years of age; that he left surviving him his wife and one married son.

The claimant asks for damages of $10,000.00 and bases her claim for compensation on the provisions of the Workmen's Compensation Act. Section 3 of the said Act, as amended in 1917, recites that ''the provisions of this Act hereinafter following shall apply automatically and without election to the State * * * in any department of the following enterprises or business which are declared to be extra-hazardous, namely, the erection, maintaining, removing, remodeling, altering or demolishing of any structure, except as provided in sub-paragraph 8 of this section.'' Section 6 of the Act of 1917 creating the Court of Claims and prescribing its powers and duties says: ''The Court of Claims shall have power to hear and determine the liability of the State for accidental injuries or death suffered in the course of employment by any employee of the State, such determination to be made in accordance with the rules prescribed in the Act commonly called the Workmen's Compensation Act, the Industrial Commission being hereby relieved of any duty relative thereto.''

We believe the deceased was injured while engaged in one of the extra-hazardous occupations enumerated by Section 3 of the said Act and his death resulted from and in the course of his employment. We further believe that there can be no doubt that he was engaged in the erection and maintaining of a structure within the meaning of Section 3 of the Workmen's Compensation Act.

The Court of Claims has jurisdiction to determine whether the claimant is entitled to compensation and if so the amount she should be allowed. The Attorney General comes and admits the facts as stated and the law as hereinbefore construed.

It follows from the above facts and conclusions that the claimant is entitled to receive such compensation under the terms of the Workmen's Compensation Act as this court shall deem she is entitled to receive. It is therefore ordered that claimant be and is awarded the sum of $2,500.00 in full compensation for the injury sustained.